Kincaide, Appellant, v. Hardware Mutual Casualty Company, Respondent.

*January 9—February 6, 1962.*

For the appellant there was a brief by *Eisenberg & Kletzke,* attorneys, and *John W. Bernard* of counsel, all of Milwaukee, and oral argument by *Sydney M. Eisenberg.*

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Reuben W. Peterson, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Peterson.*

BROADFOOT, C. J. The plaintiff contends that the trial court committed prejudicial error in changing the answer in the special verdict and granting a new trial. He argues that the question of causation under the circumstances of this

case was for the jury. He claims further that the questions with reference to giving an audible signal by the plaintiff should not have been submitted and that upon a new trial no such questions could properly be submitted. The latter claim is based upon language in the case of *Frankland v. Peterson* (1955), 268 Wis. 394, 67 N. W. (2d) 865, where in the statement of facts this court said (p. 396) :

"The court's written decision states that questions (3) and (4) should not have been submitted because the testimony of the two persons in the truck that they did not hear plaintiff's horn was insufficient to raise a jury question in view of plaintiff's testimony that he had blown it."

The plaintiff has misinterpreted that language. This court held that a jury issue was presented on the question of giving an audible signal in the *Frankland Case* and affirmed the order of the trial court in granting a new trial for other reasons stated by the trial court. No objection was made to the submission of the questions in the special verdict inquiring as to the causal negligence of the plaintiff with respect to giving an audible signal of his intention to pass the Braun car. The correct rule for determining the answers to such questions is contained in the *Frankland Case* in the following language (p. 397) :

"To comply with the purpose of the statute the warning must be given in volume and at a time and place sufficient to inform a driver reasonably attentive to his own obligation to other users of the highway that an overtaking motorist intends to pass him and is about to do so."

There is no challenge as to the sufficiency of the evidence justifying the finding of negligence on the part of the plaintiff with respect to giving an audible signal and, his negligence in that respect being established, it follows that such negligence was a substantial factor in bringing about the

accident. Whether it will be proper to submit questions inquiring as to the causal negligence of the plaintiff with respect to giving an audible signal of his intention to pass will depend upon the record when the testimony is closed at the new trial. New evidence may be adduced and we cannot at this time determine that upon a new trial those questions would be unnecessary or improper.

The defendant's motions were properly denied. The record would not have warranted the trial court in granting the defendant's motion for judgment dismissing the complaint notwithstanding the verdict, nor would the record justify the trial court in apportioning 50 per cent of the combined negligence of the parties to the plaintiff.

Making a left turn in front of overtaking traffic without proper observation that the turn can be made safely has resulted in many serious accidents, and is a very negligent act. Any reasonable observation would have revealed the overtaking car. In fact, if any observation was made it is difficult to understand how Miss Braun failed to notice the overtaking car of the plaintiff. Its lights were on and it was in a position on the highway to pass. Therefore we conclude that the trial court ruled correctly.

*By the Court.*—Order affirmed.